# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**CHRISTOPHER O'NON**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:05-CR-218

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
   - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
   - ☐ an offense for which the maximum sentence is life imprisonment or death.
   - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
   - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
   - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
   - ☐ under 18 U.S.C.§924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 23-year-old who reports that he is a self-employed painter earning approximately $1,000 per month. In support of this, he was able to produce two checks from his grandmother dated one month apart in the amounts of $300 and $400. He has used marijuana since the age of 13, and six times per week since the spring of this year. Defendant consumes alcohol once per week, 6 to 12 beers at a time. He was previously required to attend inpatient treatment at Great Lakes Recovery Center but was AWOL until he was arrested for the unlawful driving away of an automobile. As a juvenile, defendant's probation was violated on 14 occasions. (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community based upon the unrebutted presumption. Alternatively, I find by clear and convincing evidence that defendant is not amenable to supervision, as established by his unrelenting pattern of disregarding all probation and bond obligations, and by his persistent efforts to supply drugs to the young people of Traverse City.  Defendant simply has demonstrated no regard for law.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: October 4, 2005

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq. ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq. ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Christopher O'Non
1:05-CR-218
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B) - (continued)**

>As an adult, defendant has continued to disregard the authority of the courts and their agencies. Defendant was placed on probation for the unlawful use of a motor vehicle on September 28, 1999, but failed to adhere to the conditions of his probation.
>
>In May 2000 defendant was placed on 12 months probation for being a minor in possession of alcohol, but violated his terms of probation the following month by using drugs, and the following April for failing to submit to a breathalyser test. His probation was revoked.
>
>In September 2000, defendant was on bond for charges of assault and battery and minor in possession when he violated the terms of his bond by drinking.
>
>Following a jail sentence, he was placed on probation and violated the terms of his probation in January 2001 by drinking.
>
>In March 2003 defendant was placed on probation for OWI and violated the conditions of probation by committing the offense of delivering/manufacturing marijuana.
>
>After receiving a 9-month jail sentence on the marijuana charge, defendant was placed on probation for 30 months, but repeatedly violated the terms of his probation by failing to comply with substance abuse treatment, providing a false urine sample, using marijuana, violating curfew, failing to take a breathalyser, failing to report, moving without authorization, and failing to report his change of employment. Due to these violations, the court had to sentence him to 12 months in jail. The court found the defendant was not amenable to supervision.
>
>Testimony at the detention hearing established that defendant and a testifying witness had been dealing in drugs since last year. After the witness was apprehended with marijuana on his person, he told police about the defendant. Defendant and another person then allegedly lured the witness into a bathroom at the Loading Dock bar in Traverse City and proceeded to beat him until bar employees intervened.
>
>Another witness, a roommate of the defendant's, testified that defendant had supplied him with marijuana and would share his marijuana with others.

United States v. Christopher O'Non
1:05-CR-218
**ORDER OF DETENTION PENDING TRIAL**
Page 3.

    Defendant's girlfriend testified she had seen defendant use and distribute marijuana since meeting him a year ago. She stated the defendant provided her with marijuana (for which he charged her money) and also provided his friends with drugs. She identified at least five people by name who defendant would "hook up" with drugs and stated that defendant resumed drug trafficking upon release from his latest period of incarceration. She acknowledged that defendant was the source of drugs for young people in Traverse City.

    Defendant is also described by the witnesses as hard working, candid, polite, brilliant and (by his friends) non-violent.